Tommy Crock, Sr., Appellant, *v.* Commonwealth of Pennsylvania, State Board of Motor Vehicle Salesmen, Appellee.

472

Submitted on briefs September 10, 1974, to Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Irving M. Green*, for appellant.

*Lawrence Alexander*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, October 18, 1974:

This is an appeal filed by Tommy Crock, Sr. (Crock) from an order of the State Board of Motor Vehicle Salesmen (Board), dated September 20, 1973, revoking Crock's license to practice as a motor vehicle salesman under the provisions of the Motor Vehicle Manufacturer's, Dealer's and Salesmen's License Act (Act), Act of December 21, 1973, P. L. (Act No. 144), 63 P.S. §801 et seq.

This case was instituted through the issuance by the Board of a citation and notice of hearing dated June 12, 1973. The citation was directed to Crock and one of his salesmen, William Mahoney. The citation set forth six specific complaints filed with the Board by six customers of Crock, all of whom had negotiated for the purchase of automobiles. A hearing was held at which the six complainants appeared to testify about their various complaints against Crock and Mahoney. The allegations of these complaints, all of which were adequately proven, involved the altering of a contract to purchase an automobile; the misrepresentation of the true price of the automobile; the failure to properly account for or refund the Federal 7% excise tax which was repealed, effective in December, 1971; the unilateral increasing of the price of an automobile after a deposit had been made; and the failure to install a differential device on an automobile, as promised, until immediately prior to the hearing before the Board.

Following the hearing, the Board issued its adjudication in which it made 45 specific findings of fact related to the six complaints and, by order, revoked Crock's license. It should be noted that the Board also suspended Mahoney's license for a period of 30 days, but that case is not before us.

Section 7 of the Act, 63 P.S. §811, directs that the Board's hearing and adjudication shall be in accord

with the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, *as amended*, 71 P.S. §1710.1 et seq. Section 44 of the Administrative Agency Law, 71 P.S. §1710.44, sets forth our scope of review as follows: "The court to which the appeal is taken shall hear the appeal without a jury on the record certified by the agency. After hearing, the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with the law . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set aside or modify it, in whole, or in part, or may remand the proceeding to the agency for further disposition in accordance with the order of the court."

The only question presented in Crock's brief is whether the Board abused its discretion in acting in an arbitrary and capricious manner. In addition, however,[1] Crock argues that 16 of the 45 findings of fact are not supported by substantial evidence, and five additional findings, while correct, are "unfair." With regard to these latter five findings, Crock takes the position that while the complainants may have been wronged, these wrongs were the result of honest mistakes, rather than fraud.

In *A. P. Weaver & Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 507, 284 A. 2d 515, 518 (1971), we defined substantial evidence. We stated there that: " '[S]ubstantial evidence' should be construed to confer finality upon an administrative decision on the facts when, upon an examination of the entire record, the evidence, including the inferences therefrom, is found to be such that a reasonable man, acting reasonably, *might* have reached the decision;

---

[1] See Rules of the Commonwealth Court of Pennsylvania, Rule No. 93.

but, on the other hand, if a reasonable man, acting reasonably, *could not* have reached the decision from the evidence and its inferences then the decision is not supported by substantial evidence and it should be set aside." (Emphasis in original.)

We have carefully reviewed the record made in this case and conclude that the findings of the Board upon which its order was based are supported by substantial evidence. If this case was restricted to merely one complaint, it is conceivable that Crock's argument of "honest mistake" might have some merit. However, the combination of the six complainants' testimony exposes a deliberate course of conduct in violation of section 4 of the Act, 63 P.S. §805(2).

Crock's other argument is that the permanent license revocation constitutes an abuse of discretion on the part of the Board. In support of this contention he notes that he has offered to make restitution to several of the complainants (thereby attempting to mitigate any implication of dishonest motives) and that he will suffer severe economic hardship as a result of the revocation.

Once again our review of the record permits us to conclude that the Board acted properly. The determination of an appropriate penalty is a matter of discretion with the Board and unless Crock meets his burden of showing that the Board acted in an arbitrary or capricious manner in revoking this license we will not interfere. *See Blumenschein v. Pittsburgh Housing Authority*, 379 Pa. 566, 573, 109 A. 2d 331, 335 (1954); *Moretti v. State Board of Pharmacy*, 2 Pa. Commonwealth Ct. 121, 124, 277 A. 2d 516, 517 (1971).

Crock did not meet his burden. The mere offer of restitution on the part of Crock in no way compels the Board to impose a lesser sanction, for the Board is free to consider all of the evidence before it. As we have noted, the record in this case discloses a course of

action by Crock which the Board properly considered to be serious violations of the Act.

As for the economic hardship caused by the license revocation, it is sufficient to say that this is no defense.

In summary, we hold that the Board's adjudication is based upon substantial evidence and that the Board did not render its adjudication in an arbitrary or capricious manner. Therefore, the order of the Board must be affirmed.