Dutchman's Truck Service, Inc., Melvin Sauder and Raymond Sauder, Petitioners *v.* Commonwealth of Pennsylvania, State Board of Motor Vehicle Manufacturers, Dealers and Salesmen, Respondent.

Argued June 10, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*John F. Pyfer, Jr.,* with him, of counsel, *Allison, Weglarz & Pyfer,* for petitioners.

*William J. Wheeler, Jr.,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., July 8, 1977:

This is a petition for review from an order of the State Board of Motor Vehicle Manufacturers, Dealers and Salesmen (Board), imposing on petitioners a 15 day suspension of their respective licenses. We affirm.

A complaint was filed with the Board by a customer of petitioners. The complaint alleged that petitioners had misled this complainant as to significant information regarding a Kenworth tractor trailer which the complainant had purchased from petitioners. Essentially, the significant information concerned the model year of the tractor trailer. The tractor trailer had been listed on a blackboard as a 1968 model and petitioner dealer was responsible for the information placed on the blackboard. The bill of sale drawn up by petitioner salesman also indicated that the tractor trailer was a 1968 model. Some time later, after the sale, the complainant found a Virginia Certificate of Registration in the tractor trailer which listed its model year as 1965. This information was confirmed by the Kenworth Factory by using the chassis number. Also, on the front axle was stamped "1965." This information was given to petitioners by complainant and several unsuccessful attempts were made at a settlement.

After a hearing on the complaint, the Board found that the tractor trailer was indeed a 1965 model and that both petitioners had represented it to be a 1968 model. On the basis of these findings of fact the Board concluded that petitioners had violated Section 4(2)(vi) of the Motor Vehicle Manufacturer's, Dealer's and Salesmen's Act (Act), Act of December 21, 1973, P.L. 408, 63 P.S. §805(2)(vi). Section 4(2)(vi) states:

The board shall have power and its duty shall be:

. . . .

(2) To investigate on its own initiative or upon the verified complaint in writing of any person any allegations of the wrongful act or acts of any licensee or person required to be licensed hereunder and shall have the power to suspend or revoke licenses issued by the board

if after due notice and hearing the person charged is found guilty of committing or attempting to commit the following acts:

. . . .

(vi)   Having committed any act or engaged in conduct in connection with the sale of motor vehicles which clearly demonstrates incompetency;

The Board ordered a 15 day suspension of petitioners' dealer's and salesman's licenses.[1] Petitioners then applied to the Board for a stay of the 15 day suspensions of their licenses.  Petitioners asserted that the civil action, which had been filed concurrently with the complaint to the Board, had been settled.  Petitioners also included a copy of the Pennsylvania Certificate of Title which listed the model year of the tractor trailer as 1970 which the Board had not seen at the hearing. The Board denied this petition, treating it as a petition for rehearing.  This appeal followed.  Application for supersedeas by petitioners was granted by this Court.

The essence of petitioners' argument is that their mistake in representing to complainant that the tractor trailer was a 1968 was an honest mistake and does not "clearly demonstrate incompetence" under Section 4(2)(vi).  Petitioners point to testimony on the record indicating that a 1968 model Kenworth tractor trailer is identical to a 1965 model.  While this may be true, the model year of a motor vehicle is a significant factor in determining its value, a factor that a dealer and salesman should be aware of.   We agree with the

---

[1] It is important to note that while the complaint alleged that petitioners knowingly misled complainant with regard to the model year of the vehicle and the Board stated that there was some evidence of this in the record, it was the view of the Board that there was insufficient evidence to hold that petitioners deliberately and with full awareness of the facts, misled the complainant.

Board, that the best that can be said for the failure of petitioners to disseminate correct information regarding the model year of this tractor trailer, when they had ample opportunity to make certain the information was correct, is that it demonstrates incompetence.

Petitioners argue further that the Board abused its discretion in suspending their licenses. In support of their position they cite *Crock v. State Board of Motor Vehicle Salesman,* 15 Pa. Commonwealth Ct. 471, 326 A.2d 654 (1974). *Crock* involved several complaints made by customers against a dealer and his salesmen. These complaints included: Altering a contract for the purchase of an automobile; misrepresenting the true price of a motor vehicle; failing to account for or refund the 7% Federal Excise Tax which had been repealed; and unilaterally increasing the price of an automobile after a deposit had been made. *Crock* took the position that though the complainants may have been wronged, these wrongs were the result of honest mistakes. In response to this position, the court said:

> If this case was restricted to merely one complaint, it is conceivable that Crock's argument of 'honest mistake' might have some merit. However, the combination of the six complainants' testimony exposes a deliberate course of conduct in violation of Section 4 of the Act, 63 P.S. §805(2).

*Id.* at 471, 326 A.2d at 656.

Petitioners contend that since there was only one complaint filed against them which was the result of an honest mistake and that there was no finding of a deliberate course of conduct as in *Crock*, the Board abused its discretion in suspending their licenses. While the conduct of petitioners admittedly is less serious than that in *Crock*, the penalty imposed by the Board in *Crock* was much more severe. We do believe,

however, that in view of the circumstances of this case (the fact that there is only one complaint and the nature of that complaint) the Board abused its discretion in ordering 15 day suspensions of petitioners' licenses. Therefore, we will exercise our right to modify the Board's Order and reduce the suspensions from 15 days to one day.[2]

## ORDER

Now, July 8, 1977, the order of the State Board of Motor Vehicle Manufacturers, Dealers and Salesmen, Case No. 75-275-MV, dated August 9, 1976, denying Melvin Sauder's and Raymond Sauder's petition for rehearing from the June 7, 1976 order suspending their respective dealer's and salesman's licenses for 15 days, is modified so as to reduce the suspension of petitioners' licenses to one day and as so modified is affirmed.

---

[2] Petitioners also argue that the Board erred in refusing to grant a stay of the 15 day suspensions and a rehearing. In support of their argument they raise two points. First, the civil action filed by complainant concurrently with the complaint to the Board was settled satisfactorily. Second, at settlement of the civil action, complainant transferred the Pennsylvania Certificate of Title to Petitioners and it was discovered that the model year was listed as 1970. We need only say that we have reviewed the record and the petition and cannot conclude that the Board abused its discretion in denying the petition.